IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


PAUL M. GORDON                                                               PETITIONER

v.                                              Case No. 6:13-cv-6055

RAY HOBBS[1], Director,                                                      RESPONDENT
Arkansas Department of Corrections


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, PAUL M. GORDON, ("Gordon") an inmate confined at the Ouachita River Unit

of the Arkansas Department of Corrections, Malvern, Arkansas, filed this petition for writ of *a*

*habeas corpus* pursuant to 28 U.S.C. § 2254.  ECF No. 1 (additionally Gordon filed a Supplemental

Petition pursuant to the directives of this Court, ECF No. 4).  The Respondent was served with a

copy of the Petition and has responded.  ECF No. 14.  The Petition was referred for findings of fact,

conclusions of law and recommendations for the disposition of the case.   The Court has reviewed

the Petition[2], the Response and all exhibits submitted in this case and finds as follows:

**A.  Procedural Background[3]**:

On August 4, 2011, Gordon pled guilty to three counts of rape of a minor child in the Hot

Spring County, Arkansas Circuit Court.  On August 5, 2011, a judgment was entered sentencing him

---

[1] The Clerk is directed to substitute Ray Hobbs for the State of Arkansas as the Respondent in this matter.

[2] "Petition" herein refers the original Petition (ECF No. 1), Supplemental Petition (ECF No. 4) and Brief in Support of Petition (ECF No. 5).

[3] The procedural background is taken from the Petition, Response, the attached exhibits, and matters of public record regarding this case.

to thirty-five years of imprisonment for each conviction, and the sentences were ordered to be served consecutively.  ECF No. 14-2, p. 6-9.  On February 1, 2012, Gordon filed a *pro se* petition for post-conviction relief pursuant to ARK. R. CRIM. P. 37.  ECF No. 14-2, p. 51-52.  In this state petition, he claimed (1) his counsel was ineffective, (2) his counsel coerced him into pleading guilty, (3) his guilty plea was invalid because he was not competent to enter the plea at the time he entered it, (4) illegally obtained evidence was used against him, and (5) he was denied a fair and impartial trial. ECF No. 14-2, p. 10-15.

In his Rule 37 petition, Gordon acknowledged the petition was untimely and states he was unable to file it in a timely fashion because:

> Petitioner has been in the mental health unit of the Arkansas Department of Corrections from August 5, 2011 til present. From August 5, 2011 til November 30, 2011 he was on full restrictions including no visits or phone calls and no access to legal materials.  Petitioner currently only gets two 5-10 minute visits to the legal library per week and just recently learned of Rule 37.  Petitioner is still in treatment.

ECF No. 14-2, p. 11.  The state court initially denied the petition as untimely on February 8, 2012. ECF No. 14-2, p. 27-28.  The court then reconsidered its denial and conducted a hearing regarding the timeliness of the Rule 37 petition on March 28, 2012.  ECF No. 14-2, p. 50-91.  Gordon explained to the state trial judge his contention he was unable to file the Rule 37 petition because he was in the ADC mental health unit. Gordon then testified and gave a more detailed account of his reason for not filing the Rule 37 petition in a timely manner.  ECF No. 14-2, p. 57-60.   Before the state court ruled on the petition, Gordon objected at the March 28, 2012 hearing stating he was not prepared and had not been informed of the nature of this hearing.  The state court then scheduled a second hearing day to allow Gordon to prepare as he wanted to in order to show his Rule 37 petition was timely.

-2-

On May 15, 2012, the state court concluded it evidentiary hearing regarding the timeliness of Gordon's Rule 37 hearing.  ECF no. 14-2, p. 92-142.  At this hearing, Gordon again testified and explained his reasons for not timely filing the Rule 37 petition.  Debra Cornelius, Gordon's mental health counselor at the Arkansas Department of Corrections (ADC), also testified.  She testified one of her jobs was to forward any request for legal materials or access to the law library to the appropriate person within the ADC.  ECF No. 14-2, p. 105.  She also testified Gordon never requested any assistance with gaining access to legal materials or the law library.  ECF No. 14-2, p. 106.  Mental health records from the ADC show Gordon on November 29, 2011 did not "appear to be in mental health distress" and agreed to be off restrictions on "free status."  ECF No. 14-2, p. 127.  On November 30, 2011, Gordon was removed from "treatment precaution" by Ms. Cornelius.  ECF No. 14-2, p. 128.  Following the hearing, the state court again ruled the petition untimely finding:

> There were no actions taken by the prison that would have prevented the defendant from filing a timely Rule 37.  Paperwork was available at the prison and all the defendant had to do was request it.  There was no time of his incarceration when the filing could not have taken place.
>
> Therefore there was no tolling of any time for the filing of the Rule 37 petition and the petition filed was not timely and the Court reaffirms it prior order [dismissing petition as untimely].

ECF No. 14-2, p. 41-42.

Gordon then appealed to the Arkansas Supreme Court.  The State moved to dismiss the appeal, asserting the Rule 37 petition was untimely which denied the state court jurisdiction to consider it.  ECF No. 14-3.  The Arkansas Supreme Court summarily granted the motion and dismissed the appeal on January 24, 2013.  ECF No. 14-4.

**B.  Current Petition**:

On May 2, 2013, Gordon filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court. He claims (1) he was incompetent to enter the guilty plea in state court and (2) he was restricted for mental health reasons following his sentencing for 115 days.  ECF No. 4.  Gordon seeks the following relief: "Allow the Rule 37 post-conviction relief petition to be presented to the courts although it was late submitted, being that timely submission was not a possibility due to conditions uncontrollable by the petitioner."  Notably, he does not specifically attack his conviction or seek release from confinement.  Rather, he asks this Court to order the state court to allow him to proceed with the substance of the Rule 37 petition.

The Respondent asserts Gordon raises three claims, (1) defense counsel rendered ineffective assistance of counsel by failing to investigate his case; (2) that he was coerced into pleading guilty; and (3) that his plea was involuntary because he was mentally incompetent. Respondent asserts the Petition is time barred by 28 U.S.C. §2244(d)(1)(A) and procedurally defaulted.

**C.  Discussion**:

**1.  One-year Statute of Limitations**:   On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law.  The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The AEPDA provides that the one-year limitations period shall run from the latest of four possible situations.  Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed.

-4-

Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Section 2244(d)(2) also provides that the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  The United States Court of Appeals for the Eighth Circuit has also held that "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the *habeas* petitioner to file a timely federal petition." *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §2244(d)(1)(A).  The Eighth Circuit has held that running of the statute of limitations imposed by §2244(d)(1)(A) is triggered by:

> either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) quoting *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998).  The United States Supreme Court has addressed this provision as it relates to a state court conviction.

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzales v Thaler*, ___ U.S.____, 132 S.Ct. 641, 653-54 (2012).  In other words, where a state prisoner does not seek a writ of *certiorari* to the United States Supreme Court, his conviction becomes final when the time for pursuing his state court direct appeal expires.  In Arkansas, a defendant convicted of a criminal offense has thirty (30) days to file his notice of direct appeal.  *See* ARK. R. APP. P.– CRIM. 2(a).

In the present case, the Gordon did not file a direct appeal in the state courts of Arkansas. Thus, his conviction became final on September 4, 2011, thirty (30) days after he was sentenced by the state court.  The one-year limitations period began to run on that day and Gordon had until September 4, 2012 in which to file the instant Petition.   As the docket reflects, he filed the instant Petition on May 2, 2013, well over one-year from the date his conviction became final. Accordingly, the Petition is time-barred unless some tolling provision applies.

**2.  Statutory Tolling of the One-Year Limitation Period**:   Section 2244(d)(2) provides that the time during which a "properly filed application" for State post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  The limitation period resumes when the mandate affirming the trial court's denial of post-conviction relief is issued by the state supreme court. *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007).

Gordon filed his petition for post-conviction relief pursuant to ARK. R. CRIM. P. 37 on February 1, 2012. Following two hearings, where in Gordon was allowed to testify and produce evidence regarding the untimely nature of his Rule 37 petition, the state court dismissed the petition as untimely on July 13, 2012. Gordon appealed this decision to the Arkansas Supreme Court which dismissed his appeal as untimely on January 24, 2013.

The sole issue here is whether Gordon's untimely filed Rule 37 petition acted to toll the one-year statute of limitations in § 2244. The United States Supreme Court has addressed this precise issue and determined that "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). The Eighth Circuit has followed *Pace*, holding that an untimely filed Rule 37 petition in Arkansas state court did not toll the AEDPA's one-year statute of limitations. *See Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)("We hold Walker did not properly file his Rule 37 petition within the meaning of section 2244(d)(2), and accordingly, Walker's Rule 37 petition did not toll the AEDPA's one-year statute of limitations."). Section 2244(d)(2) is inapplicable to the Petition in this case.

**3.** <u>**Equitable Tolling of the One-Year Limitation Period**</u>: While Gordon does not expressly raise the issue of equitable tolling of the one-year statute of limitations for the instant Petition, he in essence wants this Court to apply equitable tolling to the state court proceeding thereby allowing him to proceed in this Court. This Court declines to do so.

Even if equitable tolling should have been applied by the state court, the Eighth Circuit has explicitly held that a petitioner's *pro se* status, lack of legal knowledge, lack of legal resources, limited access to a law library, or confusion about the federal limitations period or state post-conviction law does not justify equitable tolling. *See, Earl v. Fabian*, 556 F.3d 717, 724 (8th

Cir. 2009) (no equitable tolling due to delayed receipt of case file, *pro se* status, lack of access to legal materials and limited time in library).

    In this case, Gordon was limited in his access to the library and writing materials.  However, he did have access to writing materials and could have gained access to the law library.  His mental health counselor testified he was allowed to go to the library for limited time periods and would have been provided legal materials if he had requested such.  Importantly, Gordon never asked for legal materials or access to the prison law library.  There is no basis for equitable tolling in this case.

    **4. <u>Procedural default</u>**:  A federal court is precluded from considering a *habeas corpus* claim that a "state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds."   *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004), *citing Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir.2002).   A state prisoner is procedurally barred from proceeding in federal court when he violates a state procedural rule that independently and adequately bars direct review of the claim.   *See id.*    If a state prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[4]," then he overcomes the procedural bar and may proceed in a federal *habeas corpus* action.   *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).   "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal *habeas corpus* petition, unless he can meet strict cause and prejudice or actual innocence standards."  *Clemons*, 381 F.3d at 750.

    Here, Gordon has not presented his claims to the highest courts of Arkansas, because he

---

    [4]To demonstrate a fundamental miscarriage of justice a petitioner must show his actual innocence of the charges.  *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

violated the state rule regarding the timeliness of filing his post-conviction petition.  Thus, the state has "disposed of" his claims on an adequate and independent state procedural rule.  *Clemons*, 381 F.3d at 750.

Gordon pled guilty to the crimes here and apparently made incriminating statements indicating his culpability.  He now states he was incompetent at the time of the guilty plea but offers no proof of that incompetency other than the fact he was placed in the mental health unit of the ADC.  The placement in the mental health unit was apparently a result of his attempts at suicide rather than any question about his competence.  On federal *habeas corpus* review, a state prisoner has the burden of establishing the facts known to the state trial judge which would require a competency hearing.  *See Reynolds v. Norris*, 86 F.2d 796,  801 (8th Cir. 1996)("On *habeas* review of a procedural competency claim, the court asks whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to the defendant's competency to stand trial").   There are no such facts alleged here, much less established.  Gordon has procedurally defaulted his right to bring the instant Petition.

**D.  Conclusion**:

Gordon's conviction became final on September 5, 2011.  The one-year statute of limitations of § 2244(d)(1)(A) began to run on that day. Gordon had until September 5, 2012 in which to file his Petition for Writ of *habeas corpus* in this Court.  He failed to file the instant Petition until July 2013.  Neither the statutory tolling provisions of §2244(d)(2) nor equitable tolling operate to extend the one-year statue of limitations.  Further, Gordon did not present his claims to the state courts in Arkansas, and  has procedurally defaulted those claims by failing to comply a state procedural rule.

**E.  Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as untimely and dismissed with prejudice.[5]

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **28th day of January 2014.**

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[5]  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

-10-